FILED
SEP - 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **Mitchell L. Tucker** <br> 8307 Rose Marie Drive <br> Forth Washington, MD  20744, <br> (202) 829-0886 <br>      Plaintiff, <br><br> v. <br><br> **Anthony J. Principi** <br> **Secretary** <br> **Department of Veterans Affairs** <br> 810 Vermont Ave., NW <br> Department of Veterans Affairs, <br><br>      Defendant. | Civil Action No: _____ <br><br> Case: 1:07-cv-01558 <br> Assigned To : Roberts, Richard W. <br> Assign. Date : 9/4/2007 <br> Description: Employ. Discrim. <br><br> **JURY ACTION** |

# COMPLAINT

COMES NOW Plaintiff, Mitchell Tucker, by and through his undersigned counsel, and for the purpose of filing this civil complaint, states as follows:

## Jurisdiction

1) This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended by the 1991 Civil Rights Act, 42 U.S.C.§ 2000e, et seq., hereinafter Title VII; and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101, et seq.  This action properly lies in the District Court for the District of Columbia because this judicial district has personal jurisdiction over Defendant.

1

## Parties

2) Mitchell L. Tucker is a black, African-American male citizen of the United States. Mr. Tucker resides in Maryland.

3) In accordance with Title VII, Mr. Tucker is a member of a protected class based on color, ethnicity and race.

4) The defendant is a United States Federal Government Agency, headquartered in Washington, D.C.

## Administrative Procedures

5) Plaintiff filed a formal administrative complaint of discrimination against the defendant with Defendant's Office of Equal Employment Opportunity (EEO) on February 12, 2004. The administrative complaint was assigned for investigation on April 25, 2006. On August 10, 2006, the EEO officer received the investigative a report.

6) Defendant issued a Final Agency Decision on October 5, 2006. On October 18, 2006, Plaintiff appealed the Final Agency Decision to the Equal Employment Opportunity Commission Office of Federal Operations. The EEOC-OFO has not decided the appeal.

7) Plaintiff, therefore, invokes his right to sue under 42 U.S.C. § 2000e-5(f); and 29 U.S.C. § 794a in that he has satisfied all administrative and judicial prerequisites to the institution of this action.

## FACTS COMMON TO ALL CLAIMS

8) Plaintiff adopts and incorporates the allegations of paragraphs 1 through 7 as if fully set forth herein.

9) At all times relevant to this Complaint, Mr. Tucker worked as Program Support Assistant in the Engineering Service for the Department of Veterans Affairs. Mr. Tucker worked under the supervision of Santiago Montalvo.

10)     Santiago Montalvo is a Hispanic male employee. At all times relevant to this Complaint, Mr. Montalvo was Mr. Tucker's immediate supervisor.

## COUNT I
## (SEXUAL HARASSMENT)

11)     Plaintiff adopts and incorporates the allegations of paragraphs 1 through 10 as if fully set forth herein.

12)     Beginning on or about July 2000, Mr. Montalvo approached Plaintiff Tucker and asked him to work for him.

13)     From that time until about September 2003, Mr. Montalvo befriended Mr. Tucker and asked him to engage in non-work related activities. For example, on several occasions, Mr. Montalvo asked Mr. Tucker to accompany him to the store.

14)     Mr. Montalvo began touching Mr. Tucker in a friendly and seemingly innocent manner. Mr. Montalvo told Mr. Tucker that he wanted to help him move ahead.

15)     Mr. Montalvo assigned higher graded work to Mr. Tucker in order to help Mr. Tucker move ahead.

16)     Plaintiff Tucker did perform higher grade work.

17)     However, Mr. Montalvo never requested a desk audit to insure that Mr. Tucker would be promoted and compensated for the higher graded work.

18)     Mr. Montalvo's touching of Mr. Tucker progressed beyond a simple pat on the back.

3

19) On July 31, 2003, in the freight elevator, Mr. Montalvo made a sexual advance towards Mr. Tucker by touching him on his back, moving his hand slowly down toward Mr. Tucker's buttocks, while they were moving furniture. Mr. Montalvo's sexual advance was unwanted. Two employees witnessed Mr. Montalvo's touching of Mr. Tucker. Mr. Tucker reported the incident to the police, the Union president, and his pastor.

20) On September 22, 2003, Mr. Montalvo entered Mr. Tucker's office, stuck out his tongue, wagged it, and gestured a licking motion towards Plaintiff's buttocks.

21) On October 17, 2003, Mr. Montalvo entered Mr. Tucker's office, closed the door and stated to Mr. Tucker that he missed him when he was not at work.

22) On September 22, 2003, Mr. Montalvo touched Mr. Tucker and told him that he would have had his promotion by then if had acted right. This incident was preceded by a staff meeting, at which Mr. Montalvo initiated a discussion about homosexuality; and Mr. Tucker responded by asking several times to be excused from the meeting. Mr. Tucker then left the meeting because he felt uncomfortable participating in a discussion about homosexuality. He called his pastor. His pastor reiterated to him that homosexuality is a sin, and read to him a passage from the bible which confirms it.

23) After the staff meeting, Mr. Montalvo pursued Mr. Tucker to his office and badgered him about homosexuality. Mr. Tucker responded that homosexuality is a sin, and showed Mr. Montalvo the passage from the bible. Mr. Montalvo responded that the bible is written by a bunch of idiots, and stated that God condoned homosexuality because God loves all his children.

4

24) Several months prior to this incident, Mr. Montalvo asked Mr. Tucker, "Is it true what they say about black men?"

25) Mr. Montalvo's conduct, beginning in 2000 and continuing up to and including, but not limited to September 2003, constitutes illegal and discriminatory sexual harassment against Plaintiff Tucker in violation of his civil rights. As a result of Mr. Montalvo's illegal and discriminatory conduct, and through no fault on the part of Mr. Tucker, Plaintiff suffered and will in the future suffer aggravated medical conditions, loss of income and benefits; suffered and will in the future suffer diminished earnings; and sustained and will in the future sustain humiliation, mental anguish, reputational harm, and was permanently damaged in other ways.

WHEREFORE, Plaintiff prays the Court to enter judgment in his favor and against the defendant as follows: (a) declaratory judgment that the defendant violated the civil rights cited herein; (b) order the defendant not to engage in such practice in the future; (c) compensatory damages not to exceed the amount of $300,000 for back pay, interest, mental anguish, embarrassment and humiliation, pain and suffering; (d) and any other relief the Court deems just and proper.

## COUNT II
### (AMERICAN WITH DISABILITIES ACT)

26) Plaintiff adopts and incorporates the allegations of paragraphs 1 through 25 as if fully set forth herein.

27) Mr. Tucker is a veteran with a seventy percent service-connected physical disability, and was diagnosed with Post Traumatic Stress Disorder related to several traumatic events, which occurred during his military service. Mr. Tucker also suffers

from diabetes, severe pancreatic disease and high blood pressure. Mr. Tucker was prescribed pain medication, which he took regularly as prescribed.

28)     Mr. Tucker was also diagnosed and treated by a mental health professional for anxiety and irritability related to on-the-job stress.

29)     The discriminatory harassment Mr. Tucker suffered at the hands of the defendant exacerbated his disabilities.

30)     On February 21, 2003, Mr. Tucker requested to be placed on "flex time" and to be moved back to his original office as reasonable accommodations on the basis of his medical and physical disabilities. Plaintiff needed flex time in order to manage his narcotic medications. He needed to be moved back to his original office because he was at risk for a diabetic coma, and the new isolated office was not handicap friendly. His coworkers were trained to administer treatment in the event he ever suffered a diabetic coma. The isolated office posed a life threatening risk because no one would be available to administer treatment to Mr. Tucker in the event he experienced a diabetic coma.

31)     The defendant denied Plaintiff's request for reasonable accommodations without a determination that it would result in an undue hardship to the agency.

32)     On August 1, 2005, Mr. Tucker applied for disability retirement because the stressful and hostile working environment increasingly affected his ability to perform the duties of his job.

33)     On August 19, 2005, Mr. Tucker was approved for disability retirement, and he retired early on the basis of his disabilities.

34)     The defendant's conduct, beginning in 2000 and continuing up to and including, but not limited to September 2003, constitutes illegal and discriminatory

practices against Plaintiff Tucker in violation of the American with Disabilities Act. As result of Mr. Montalvo's illegal and discriminatory conduct, and through no fault on the part of Mr. Tucker, Plaintiff suffered and will in the future suffer aggravated medical condition, loss of income and benefits, suffered and will in the future suffer diminished earnings; and sustained and will in the future sustain humiliation and embarrassment, mental anguish, harm to his reputation, and was permanently damaged in other ways.

WHEREFORE, Plaintiff prays the Court to enter judgment in his favor and against the defendant as follows: (a) declaratory judgment that the defendant violated the civil rights cited herein; (b) order the defendant not to engage in such practice in the future; (c) compensatory damages not to exceed the amount of $300,000 for back pay, interest, mental anguish and humiliation, pain and suffering; (d) and any other relief the Court deems just and proper.

## COUNT III
### (HARASSMENT BASED ON RACE)

35)   Plaintiff adopts and incorporates the allegations of paragraphs 1 through 34 as if fully set forth herein.

36)   On October 16, 2003, Mr. Tucker observed Catherine Cralle reporting late to work and Mr. Montalvo, the supervisor, failed to credit her time and attendance report with the correct leave and thereby, committed a fraud against the government.

37)   On October 14, 2003, Ms. Cralle hit Mr. Tucker in the stomach. As a result of the blow, Mr. Tucker developed an aggravated medical condition, which was treated at the emergency room.

7

38) On January 13, 2005, Ms. Cralle made false accusation against Mr. Tucker. Ms. Cralle falsely alleged that Mr. Tucker had hit her. The video tape recording showed that Mr. Tucker did not physically touch Ms. Cralle. Nevertheless, the defendant placed Mr. Tucker on restriction.

39) Defendant relocated Mr. Tucker's office to an isolated and remote location, despite Defendant's knowledge that Mr. Tucker was diabetic and must be around people in case he develops a diabetic coma that could result in death.

40) The relocation of Mr. Tucker's office was without good cause, and it was done wholly or partially to frustrate Mr. Tucker and to expose him to a hostile work environment.

41) Defendant's denial of Mr. Tucker's request for reasonable accommodations due to his disabilities was also without good cause, and was carried out wholly or partially to frustrate Mr. Tucker and to expose him to a hostile work environment.

42) The defendant's conduct, beginning in 2000 and continuing up to and including, but not limited to September 2003, constitutes illegal and discriminatory harassment against Plaintiff Tucker in violation of his civil rights. As result of Mr. Montalvo's illegal and discriminatory conduct, and through no fault on the part of Mr. Tucker, Plaintiff suffered and will in the future suffer aggravated medical condition, loss of income and benefits, suffered and will in the future suffer diminished earnings; and sustained and will in the future sustain humiliation and embarrassment, mental anguish, reputational harm, pain and suffering, and was permanently damaged in other ways.

WHEREFORE, Plaintiff prays the Court to enter judgment in his favor and against the defendant as follows: (a) declaratory judgment that the defendant violated the civil rights cited herein; (b) order the defendant not to engage in such practice in the future; (c) compensatory damages not to exceed the amount of $300,000 for back pay, interest, mental anguish and humiliation; (d) and any other relief the Court deems just and proper.

## COUNT IV
## (EQUAL PAY FOR EQUAL WORK)

43) Plaintiff adopts and incorporates the allegations of paragraphs 1 through 42 as if fully set forth herein.

44) From April 2001 to March 2003, Mr. Tucker, a GS-8, performed higher graded work assigned to a female employee, GS-11, who was on leave for personal reasons.

45) Mr. Tucker was not compensated for performing the higher graded work even though Pedro Garcia, Chief, Management Facilities, stated in writing on June 8, 2004, that Tucker's position was reclassified at a higher grade.

46) The defendant's conduct, beginning in April 2001 and continuing up to and including, but not limited to March 2003, constitutes illegal and discriminatory practice against Plaintiff Tucker in violation of his civil rights. As result of Mr. Montalvo's illegal and discriminatory conduct, and through no fault on the part of Mr. Tucker, Plaintiff suffered and will in the future suffer aggravated medical condition, loss of income and benefits, suffered and will in the future suffer diminished earnings; and sustained and will in the future sustain mental anguish, and was permanently damaged in other ways.

WHEREFORE, Plaintiff prays the Court to enter judgment in his favor and against the defendant as follows: (a) declaratory judgment that the defendant violated the civil rights cited herein; (b) order the defendant not to engage in such practice in the future; (c) compensatory damages not to exceed the amount of $300,000 for back pay and interest, (d) and any other relief the Court deems just and proper.

### JURY DEMAND

Plaintiff respectfully requests a jury of his peers.

Respectfully submitted,

*/s/* E. Ned Sloan
E. Ned Sloan, Esq.,
D.C. Bar # 455198
*Attorney for Plaintiff*
Sloan & Associates, PLLC
7600 Georgia Ave., NW
Suite 208
Washington, DC  20012
Tel: 202-829-0886
Fax: 202-829-4249

**CIVIL COVER SHEET**

07-1558 RWR

## I (a) PLAINTIFFS
Mitchell L. Tucker

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Anthony J Principi Secretary, U.S. Department of Veterans Affairs

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
E. Tien Sloan  Sloan & Associates, PLLC
7600 Georgia Av NW suite 208
Washington, DC 20012  (202) 829-0886

Case: 1:07-cv-01558
Assigned To : Roberts, Richard W.
Assign. Date : 9/4/2007
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☒ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☑ H. *Employment Discrimination*<br>☑ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. Sec. 2000e, et seq., Sexual harassment discrimination

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 1,200,000   Check YES only if demanded in complaint   JURY DEMAND: ☑ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction) ☐ YES ☑ NO  If yes, please complete related case form.

DATE 9.4.07   SIGNATURE OF ATTORNEY OF RECORD  *E. Ned Sloan*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd