# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MITCHELL L. TUCKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **Civil Action No. 07-1558 (RWR)** |
| ) | **(ECF)** |
| **ANTHONY J. PRINCIPI,** ) | |
| **Secretary,** ) | |
| **Department of Veterans Affairs,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## ANSWER

Defendant, Secretary of Veterans Affairs, by and through the undersigned attorneys, respectfully submits the following answer to Plaintiff's Complaint:

## FIST DEFENSE

The Complaint fails to state a claim on which relief can be granted.

## SECOND DEFENSE

Plaintiff has failed to exhaust his administrative remedies, leaving the Court without subject matter jurisdiction on certain claims.

## THIRD DEFENSE

In response to the numbered paragraphs of the Complaint, defendant admits, denies or otherwise avers as follows:

1.      The allegations contained in this paragraph consist of conclusions of law and plaintiff's jurisdictional statements to which no responses are required.

2.      Defendant admits that plaintiff is a black African-American male who resides in Maryland.  Defendant is without sufficient information to either admit or deny the remaining allegation in this subparagraph, accordingly, the allegations are denied.

3.      Defendant admits that Defendant is a member of a protected class based on race. Defendant is without sufficient information to either admit or deny the remaining allegations in this subparagraph, accordingly, the allegations are denied.

4.      Admit.

5.      Defendant admits that plaintiff filed a formal administrative complaint of discrimination against the defendant on February 12, 2004.  Defendant is without sufficient information to either admit or deny the remaining allegations in this subparagraph, accordingly, the allegations are denied.

6.      Defendant admits that the Defendant issued a Final Agency Decision on or about October 5, 2006.  Defendant avers that Plaintiff withdrew his complaint prior to the issuance of a decision by the EEOC-OFO.

7.      The allegations contained in this paragraph consist of conclusions of law and plaintiff's jurisdictional statements to which no responses are required.  To the extent a response may be deemed required, defendant denies the statements.

8.      Defendant hereby incorporates its responses to plaintiff's allegations contained in paragraphs 1-7.

9.      Admit.

10.     Admit.

11.     Defendant hereby incorporates its responses to plaintiff's allegations contained in paragraphs 1-10.

12.     Denied.

13.     Denied.

14.     Denied.

15.    Denied.

16.    Denied.

17.    Defendant admits that the agency never requested a desk audit.  Defendant is without

sufficient information to either admit or deny the remaining allegations in this subparagraph,

accordingly, the allegations are denied.

18.    Denied.

19.    Denied.  Defendant is without sufficient knowledge as to whether Plaintiff discussed the

"incident" to the union president or the police and leaves Plaintiff to his proofs.

20.    Denied.

21.    Denied.

22.    The first and second sentences are denied.  Defendant avers that on September 22, 2003

the Projects Section of Facilities Management Services had a luncheon and that Plaintiff left the

luncheon.  Defendant is without sufficient knowledge regarding the remainder of the allegations

in this paragraph and leaves Plaintiff to his proofs.

23.    Denied.

24.    Denied.

25.    Denied.  The unnumbered paragraph following Paragraph 25 is Plaintiff's request for

relief to which no answer is required.  To the extent an answer may be deemed to be required,

Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever, and

avers that any compensatory damages award would be subject to and limited by 42 U.S.C. §

1981a, and that any relief would be further limited by 42 U.S.C. § 2000e-5(g)(2)(B).

26.    Defendant hereby incorporates its responses to plaintiff's allegations contained in

paragraphs 1-25.

27.     Defendant admits that Plaintiff is a veteran who suffers from diabetes, pancreatic disease and high blood pressure.  Defendant is without sufficient information to either admit or deny the remaining allegations in this subparagraph and leaves Plaintiff to his proofs.

28.     Defendant is without sufficient information to either admit or deny the allegations in this subparagraph, accordingly, the allegations are denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Defendant admits that plaintiff applied for disability retirement on or about August 1, 2005.  The remaining allegations in this subparagraph are denied.

33.     Defendant admits that plaintiff was approved for disability retirement on or about August 19, 2005.  Defendant is without sufficient information to either admit or deny the remaining allegations in this subparagraph, accordingly, the allegations are denied.

34.     Denied.  The unnumbered paragraph following Paragraph 34 is Plaintiff's request for relief to which no answer is required.  To the extent an answer may be deemed to be required, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever, and avers that any compensatory damages award would be subject to and limited by 42 U.S.C. § 1981a, and that any relief would be further limited by 42 U.S.C. § 2000e-5(g)(2)(B).

35.     Defendant hereby incorporates its responses to Plaintiff's allegations contained in paragraphs 1- 34.

36.     Denied.

37.     Denied.

38.     Denied.

39.    Defendant admits that in September 2005, Plaintiff was assigned a new work area.  The remaining allegations in this paragraph are denied.

40.    Denied.

41.    Denied.

42.    Denied.  The unnumbered paragraph following Paragraph 42 is Plaintiff's request for relief to which no answer is required.  To the extent an answer may be deemed to be required, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever, and avers that any compensatory damages award would be subject to and limited by 42 U.S.C. § 1981a, and that any relief would be further limited by 42 U.S.C. § 2000e-5(g)(2)(B).

43.    Defendant hereby incorporates its responses to plaintiff's allegations contained in paragraphs 1-42.

44.    Denied.

45.    Denied.

46.    Denied.  The unnumbered paragraph following Paragraph 46 is Plaintiff's request for relief to which no answer is required.  To the extent an answer may be deemed to be required, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever, and avers that any compensatory damages award would be subject to and limited by 42 U.S.C. § 1981a, and that any relief would be further limited by 42 U.S.C. § 2000e-5(g)(2)(B).

Defendant hereby denies any and all allegations of Plaintiff's Complaint not specifically admitted or qualified in the above-stated responses.  Defendant specifically denies that Defendant has discriminated against or harassed Plaintiff or subjected him to a hostile work environment in any way.

WHEREFORE, having fully answered, Defendant prays that Plaintiff's action be dismissed and for such other and further relief as the Court may deem appropriate.

Dated: December 13, 2007.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
(202) 305-4851

*Of Counsel:*
Carol Lane Borden
Staff Attorney, Office of Regional Counsel
U.S. Department of Veterans Affairs
1722 I Street, N.W.
Washington, D.C.  20421

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December 2007, I caused the foregoing *Answer* to be served on Plaintiff's attorney, **E. Ned Sloan, Esq.**, via the Court's Electronic Case Filing system.

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
(202) 3050-4851
