**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MITCHELL L. TUCKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 07-1558 (RWR)** |
| | ) | **(ECF)** |
| **ANTHONY J. PRINCIPI,** | ) | |
| **Secretary,** | ) | |
| **U.S. Department of Veterans Affairs,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MOTION TO ENLARGE TIME FOR**
**DEFENDANT TO COMPLETE DISCOVERY**

Defendant, United States Department of Veterans Affairs, hereby moves for an extension of the discovery end date, for the sole purpose of completing Plaintiff's Independent Medical Examination ("IME"), and to depose Plaintiff's healthcare providers, through and including July 31, 2007. Good cause exists to grant this motion.

1. Pursuant to the Court's scheduling order of February 8, 2008, discovery closes on June 9, 2008.

2. Defendant served its written discovery package on Plaintiff on April 10, 2008, via electronic mail and facsimile. This package included, *inter alia*, forms for authorization to release medical and psychotherapy information ("HIPPA Forms"), and a request for a list of Plaintiff's healthcare providers. *See* Exh. A.

3. Pursuant to Fed. R. Civ. P. 34, Plaintiff should have responded to the foregoing discovery requests within 30 days. To date, almost two months later, Defendant has yet to receive a complete response from Plaintiff. This is so, despite Defendant's cooperative approach to discovery, wherein Plaintiff has requested, and Defendant has continually agreed to

extensions, *inter alia*,[1] without involving the Court, and after reminders that Plaintiff's responses were due, or over due. *See* Exh. B.

4. It should be noted that on May 28, 2008, Plaintiff produced a small number of documents. Plaintiff's production neither included a complete list of his healthcare providers, nor did it contain executed HIPPA Forms, despite the fact that Defendant has sent the forms to Plaintiff's counsel on more than one occasion. *See* Exh. C. As a result, Defendant has been unable to subpoena Plaintiff's healthcare providers for depositions.[2] Without the testimony of Plaintiff's doctors and mental healthcare providers, Defendant will suffer grave prejudice, in a matter where Plaintiff claims Defendant failed to provide him with reasonable accommodations. *See* Complaint, Count II.

5. Furthermore, Plaintiff was scheduled to appear for his IME on May 30, 2008, at 1 p.m. The examination did not begin until 1:40 p.m., and by 3:20 p.m. Plaintiff ended the session, despite the fact that the examination was nowhere near complete. Undersigned counsel has been advised that Plaintiff failed to cooperate with the examining doctor, throughout the examination. Subsequently, a message was sent to Plaintiff's counsel to notify him that the examination will have to be completed in the near future.[3] Additional time is required for this purpose, also.

---

[1] For example, Defendant also accommodated Plaintiff's health issues, by agreeing to take Plaintiff's deposition over the course of two days, in two 3.5 hour sessions, rather than one 7 hour session. Defendant further agreed to have Dr. Christian Tellefsen conduct Plaintiff's IME in Washington, D.C., rather than in her offices in Maryland.

[2] On the face of the documents produced by Plaintiff on May 28, 2008, and the Complaint, it appears that Plaintiff's health-related issues and doctors are numerous. Moreover, some of Plaintiff's doctors are, or were, serving in the military and may no longer be in the area. Defendant will require additional time to locate these doctors and serve them with subpoenas.

[3] While Plaintiff's counsel has responded to the electronic mail which contained this question, it is unclear whether Plaintiff will agree to appear for the continuation of his IME. Undersigned counsel intends to pursue this matter further with opposing counsel. However,

6. This is the first enlargement request made for this deadline.

7. Pursuant to LCvR 7(m) the parties have conferred and Plaintiff's counsel does not consent to the relief requested.

WHEREFORE, Defendant requests that the discovery end date be extended to July 31, 2008, for the sole purpose of completing Plaintiff's IME and for deposing his healthcare providers. A minute order is requested.

Dated: June 3, 2008.

Respectfully submitted,

______/s/_______________________________
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_________________________________
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_______/s/_____________________________
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C. 20530
(202) 305-4851

should the Plaintiff fail to cooperate, Defendant intends to file a motion to compel.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of June, 2008, I caused the foregoing *Motion to Enlarge* to be served on Plaintiff's attorney, **E. Ned Sloan, Esq.**, via the Court's Electronic Case Filing system.

_______/s/____________________

MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C. 20530
(202) 305-4851