UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MITCHELL L. TUCKER,<br><br>               Plaintiff,<br>v.<br><br>JAMES B. PEAKE,<br>Secretary,<br>U.S. Department of Veterans Affairs,<br><br>               Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 07-1558 (RWR)<br>)   (ECF)<br>)<br>)<br>)<br>)<br>)<br>) |

## VOLUNTARY STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL

The parties to this action, Mitchell L. Tucker ("Plaintiff"), and the United States Department of Veterans Affairs ("Defendant") hereby enter into the following Voluntary Stipulation of Settlement and Order of Dismissal ("Stipulation"). In order to resolve the matters in dispute in the above-styled action without further expense or delay, Plaintiff and Defendant unconditionally agree to the following terms:

1. Plaintiff and Defendant enter into this Stipulation in order to make full and final settlement of any and all matters that Plaintiff raised or could have raised in this action. Plaintiff agrees to accept the terms set forth herein in full satisfaction of any and all claims, demands, rights and causes of action of any nature based upon and related to this cause of action with the Defendant up to the date Plaintiff signs this Stipulation, including but not limited to the claims asserted or that could have been asserted in the above-styled action.

2. The Defendant shall, subject to the condition and limitations set forth herein, pay the gross amount of thirty five thousand dollars ($35,000.00), all inclusive. The payment of the foregoing sum shall be made by electronic transfer to the account of Plaintiff's attorney, Sloan and Associates, at an account number to be furnished timely by counsel. Defendant's counsel

shall submit all information required for payment of the amount specified in this paragraph to the Department of the Treasury within two weeks of the Court's entry of this Stipulation to ensure timely payment. Plaintiff and his counsel shall cooperate by providing any reasonably requested information attendant to the request for payment by the Department of the Treasury. The parties understand that Plaintiff and/or his counsel, are responsible for the payment of taxes on the amounts paid to Plaintiff and/or his counsel under this Stipulation.

3. This Stipulation shall represent the full and complete satisfaction of all Plaintiff's claims arising from the allegations set forth in the complaint filed in this action, including (but not limited to) all claims of violations of Title VII of the 1964 Civil Rights Act, as amended, the Rehabilitation Act, the Equal Pay Act, and all claims for damages or equitable relief. The settlement also includes, without limitation, full and complete satisfaction of all of Plaintiff's claims for compensatory damages, costs, attorney's fees, and interest or other compensation for delay that has been, or could be, made in this case.

4. By this Stipulation, Plaintiff waives, releases and abandons any and all claims, whether asserted or unasserted, against the Defendant, the United States Department of Veterans Affiars, and/or its agents, servants or employees, past or present, that arose as a result of his employment with the Defendant, up to the date of this Stipulation. Such waived, released, and abandoned claims include, but are not limited to, the above-styled litigation and any other complaint filed or pending in any other forum whatsoever, as well as any and all other claims arising out of the events involved in said litigation or claims arising from his employment with Defendant up to the date Plaintiff executes this Stipulation. This Stipulation shall also include all Plaintiff's claims for attorney's fees and costs incurred in connection with any administrative filings and processes, the District Court litigation process and any other proceedings involving

the claims raised in this action.

5. Plaintiff agrees not to institute any other actions, charges, complaints, appeals or other proceedings against Defendant or any of Defendant's past or present employees, officers, agents or representatives concerning any matter related to this claim of which he knew or should have known as of the date on which he signed this Stipulation of Settlement.

6. Plaintiff acknowledges that he has read this entire Stipulation and that he understands all of its terms and conditions. Plaintiff acknowledges that his attorney has reviewed and explained the provisions of this Stipulation to his satisfaction and that Defendant has provided reasonable and sufficient time for this purpose. Pursuant to 29 U.S.C. § 626(f)(2), the Plaintiff understands that by executing this Agreement he is relinquishing any rights or claims that arose or could have arisen under 29 U.S.C. § 633a (the "Age Discrimination in Employment Act" or "ADEA") and the Older Workers' Benefit Protection Act ("OWBPA"), up to and including the date on which Plaintiff signs this Stipulation. Plaintiff does not waive rights or claims which may arise after this waiver is executed; he understands and agrees that he is waiving these rights and claims only in exchange for consideration in addition to anything of value to which he is already entitled; he agrees that he is hereby being advised by the Defendant, in writing, to consult with an attorney prior to executing this Stipulation; and he agrees that he has been provided a reasonable period of time in which to consider this Stipulation prior to executing it.

7. Execution of this Stipulation of Settlement shall not constitute a finding by the Court or an admission by the Defendant that it violated any laws or regulations as alleged in the complaint, or that there was any wrongful conduct whatsoever. The Defendant denies that any of its agents, servants, or employees, past or present, violated any laws or regulations as alleged

in the complaint, or that there was any wrongful conduct whatsoever.

8. Execution of this Stipulation of Settlement by Plaintiff's counsel and counsel for the Defendant shall constitute a dismissal of this action with prejudice, effective upon entry by the Court, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

9. This settlement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

10. The parties further agree that a facsimile of the signatures of the parties and counsel will be the same as the original.

11. The Parties understand that each Party shall bear its own costs with respect to the above-styled action.

12. The Court shall retain jurisdiction only to enforce the terms of this Stipulation.

13. This Agreement shall become effective upon the Court's entry of this Agreement and at that time shall be the final expression of the parties' full, final, and complete Settlement Agreement.

14. Each of the respective rights and obligations of the parties contained in this Stipulation shall be deemed independent and may be enforced independently irrespective of any other rights and obligations set forth herein.

15. The parties understand that this Stipulation contains the entire agreement between Plaintiff and Defendant; that no promise or inducement has been made except as set forth herein; and that no representations, oral or otherwise, between Plaintiff and Defendant, or their respective counsel, not included herein shall be of any force and effect.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, through their respective counsel of record, have stipulated and agreed to the foregoing.

Respectfully submitted,

_____   _____
MITCHELL L. TUCKER                JEFFREY A. TAYLOR, D.C. Bar No. 498610
Plaintiff                         United States Attorney

_____   _____
E. NED SLOAN, ESQ.                RUDOLPH CONTRERAS, D.C. BAR No. 434122
D.C. Bar No. 455198               Assistant United States Attorney
Sloan & Associates, P.L.L.C.
7600 Georgia Ave., N.W., Suite 208
Washington, D.C. 20012
(202) 829-0886
*Attorneys for Plaintiff*

_____
MERCEDEH MOMENI
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C. 20530
Phone: (202) 305-4851
*Attorneys for Defendant*

SO ORDERED, this ____Day of _____ 2008.

_____
RICHARD W. ROBERTS
U.S. District Court Judge